**STATE of Minnesota, Respondent,**

v.

**Michael John MARTIN, Appellant.**

**No. C7–86–1823.**

Court of Appeals of Minnesota.

May 19, 1987.

Review Denied June 30, 1987.

The officer observed appellant place something up to his mouth and he became suspicious that appellant was drinking an intoxicating beverage. The officer then followed appellant's vehicle from Dick's Main Tap and observed appellant's vehicle weave within its lane and cross the fog line twice. After proceeding for about two miles appellant signaled and turned into the Broadway Bar parking lot. At this point the officer activated his lights and stopped appellant. The police arrested appellant for D.W.I. Intoxilyzer test results showed appellant had a blood alcohol concentration of over .10.

At the omnibus hearing the trial court found the stop of appellant's vehicle was based on reasonable and articulable suspicion. Appellant was later convicted of driving with an alcohol concentration of over .10 and of D.W.I. He appeals the conviction and claims the stop of his vehicle was based on mere idle curiosity.

### DECISION

An investigatory stop is valid if the police who make the stop have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity. *Marben v. State, Dept. of Pub. Safety*, 294 N.W.2d 697, 699 (Minn.1980). In the present case, the observations justifying the stop were that the vehicle was parked near a bar late in the evening, the driver put something to his mouth, the vehicle was weaving, and the driver drove to another bar. From these observations, the officer suspected the driver had been drinking or was intoxicated. The officer was not acting on mere whim, caprice or idle curiosity and the stop was therefore constitutionally valid.

Affirmed.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John E. MacGibbon, Sherburne Co. Atty., Richard D. Clough, Asst. Sherburne Co. Atty., Elk River, for respondent.

Wilbur F. Dorn, Anoka, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and STONE,* JJ.

### MEMORANDUM OPINION

LESLIE, Judge.

On January 4, 1986 an Elk River police officer observed appellant sitting in a parked vehicle in front of Dick's Main Tap, a liquor establishment, around 10:30 p.m.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.